## KNAPP *v.* JOUBERT and others.

*(Circuit Court, N. D. New York.* April, 1881.)

1. COMBINATION PATENT—MECHANICAL EQUIVALENTS—IMPROVEMENT IN BUCKBOARD WAGONS.

> The subject of the complainant's patent was an improvement in buckboard wagons, whereby a sustaining spring or springs were employed to supplement the functions of the buckboard, bracing it at its center of pressure, and yielding with it at its ends, in response to the pressure at the center. *Held,* that, as the complainant was the first to employ the sustaining spring for the peculiar function which it performed, he was to be protected not only in the particular devices which he employed for that purpose, but against all other devices which were the mechanical equivalents of his.—[ED.

*N. Davenport,* for complainant.

*Esek Cowen,* for defendants.

WALLACE, D. J. I am of opinion that the defendants' buckboard wagon, manufactured under their patent of January 27, 1880, is an infringement of the complainant's patent of September 29, 1874. The subject of the complainant's

patent is an improvement in buckboard wagons, whereby a sustaining spring or springs are employed to supplement the functions of the buckboard, bracing it at its center of pressure, and yielding with it at its ends, in response to the pressure at the center. Shortly prior to the complainant's invention, George E. Norris introduced a central supporting spring in the construction of spring-board wagons, and obtained a patent for his improvement September 8, 1874. His device was a C-shaped spring, to the ends of which longitudinally connecting brace-rods were attached, which extended the whole length of the spring-board, and were fastened at one end in the hind axle of the wagon, and at the other to the head block, in front, by nuts, which rendered the brace-rods adjustable when it might be desirable to regulate the tension of the spring. The spring-board at its center rested upon the steel spring so that the spring formed a support for the board, and measurably strengthened and steadied it.

The complainant's improvement presents a radical departure from that of Norris in that his spring is rigidly fastened to the spring-board at the center, while the ends are allowed free play to elongate or retract in response to pressure at the center. His specification describes a curved metallic spring of such length that when it is rigidly secured at the middle of its length to a batten crossing the buckboard at its center, or to the buckboard itself at its center, the ends extend nearly to the ends of the buckboard. The ends of the spring are provided with a hook, which is received in a swinging link which is secured to the buckboard by a hook or staple. Thus the ends of the spring are free to expand or retract, according to the movement of the buckboard at the center; and, while in Norris' construction the spring and spring-board are independent of each other, in the complainant's they constitute practically a single device for the purpose of regulating the elasticity of the wagon.

The defendants have appropriated the complainant's improvement, unless they have dispensed with that element of his combination which consists of the device for holding the

ends of the spring. The complainant claims the combination of the sustaining springs, the hooks, and the buckboard. He does not claim the swinging links, and it is evident from his specification that this part of the device is not essential, but that the ends of the spring can rest as well directly in the hook or staple as in the link, and perform the function assigned to them of elongating or retracting with the pressure at the center.

The defendants' spring rests at each end in a metal plate, called a keeper, which is fastened to the buckboard, and holds the end of the spring in its place, but permits it to play back and forward. It performs the same function of complainant's hook. It performs this function in the same way as complainant's, because it is located at the same place, and controls the end of the spring in the same manner, as complainant's device. It can be called a hook just as appropriately as complainant's device can be called a hook. Neither of them are technically hooks. If the complainant had not been the first to introduce a spring which completely supplements the elasticity of the buckboard, at all parts of the buckboard, by being rigidly connected with the buckboard at the center, but free at the ends to respond to the movements at the center, it would be the duty of the court to scan more critically the devices he has employed to accomplish this result. If others before him had located the spring as he has, but had used other devices for controlling its action at the ends, it would be necessary to mark the precise point of departure between his devices and theirs. But, as he was the first to employ it for the peculiar function it performs, he is to be protected, not only in the particular devices which he employs for this purpose, but against all other devices which are the mechanical equivalents for his. I cannot but believe that the complainant was the author of an improvement of essential merit in buckboard wagons, and that the defendants have substantially appropriated his invention.

A decree is ordered adjudging infringement of both claims of complainant's patent, and for an injunction and accounting, with costs.